IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANNON ASSID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-1105-L |
| ) | |
| JOHN E. POTTER, ) | |
| POSTMASTER GENERAL; ) | |
| PATRICIA ALLEN, in her official and ) | |
| individual capacity; ) | |
| KARL WOOTEN, in his official and ) | |
| individual capacity; ) | |
| CLAY BROWN, in his official and ) | |
| individual capacity; ) | |
| TROY MALONEY, in his official and ) | |
| individual capacity, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Plaintiff Shannon Assid brings this action alleging "employment discrimination prohibited by federal statutes, the Civil Rights Act of 1967, as amended, 42 U.S.C. Section 200e, et. seq., Title VII and the Civil Rights Act of 1991, as amended, as well as 42 USC Section 1983." Complaint, Doc. No. 1, ¶ 1. Plaintiff also asserts pendent state law claims. Id, ¶¶ 2, 3. This matter is before the court on the Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure **[Doc. No. 31]** filed by defendants, United States

of America and John E. Potter, Postmaster General.[1] Plaintiff Shannon Assid has filed a response to the motion, and reply and surreply briefs were filed.

Defendants assert that dismissal is appropriate because the United States has not waived sovereign immunity as to plaintiff's claims and the court lacks subject matter jurisdiction over the Complaint. Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based. City of Albuquerque v. United States Dep't. of Interior, 379 F. 3d 901, 906 (10th Cir. 2004) (citation omitted). If the motion challenges only the sufficiency of the plaintiff's jurisdictional allegations, a court must confine itself to the pleadings and accept the allegations as true; additional evidentiary materials are not considered. *See* Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995). Where the motion challenges the underlying factual basis for subject matter jurisdiction, the court is not constrained by the pleadings, however. Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co., 428 F. 3d 1285, 1292-93 (10th Cir. 2005) (citing Holt, 46 F.3d at 1002-03). In these circumstances, "the court must look beyond the

---

[1] With respect to each of the individually named defendants, the United States filed a "Notice of Certification and Substitution Pursuant to 28 U.S.C. § 2679(d)(1)" accompanied by separate certifications that each individual was acting within the scope of his or her employment as an employee of the United States at all time relevant to the allegations in the Complaint. Doc. Nos. 27 (Allen), 28 (Brown), 29 (Maloney), & 30 (Wooten).

complaint and has wide discretion to allow documentary and even testimonial evidence." Id.  The court must convert such a motion to one for summary judgment when resolution of the jurisdictional question is intertwined with the merits of the case.  Id. (quoting Holt, 46 F.3d at 1003).  The issues are considered intertwined for this purpose where "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."  Id. (quoting Pringle v. United States, 208 F. 3d 1220, 1223 (10th Cir. 2000)).

Here, the court determines that matters outside the pleadings may properly be considered without converting the motion to one for summary judgment.  A resolution of the jurisdictional question does not require a resolution of any aspect of plaintiff's substantive claims.[2]

Defendants point out that Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") provides the exclusive remedy for claims of discrimination in the federal workplace.[3]  It is well established that a federal

---

[2]     To the extent that a motion to dismiss for failure to file a Title VII civil action within the 90-day filing period should be considered under Rule 12(b)(6), the court has done so.  See Barrett v. Rumsfeld, 158 Fed. Appx. 89, 91 (10th Cir. 2005) (agreeing that district court properly found that plaintiffs filed the complaint beyond the 90-day period, but concluding that court should have decided the matter under Rule 12(b)(6) not 12(b)(1)).  A district court may review indisputably authentic copies of documents referred to in the complaint that are central to a plaintiff's claim without converting such a motion to one for summary judgment. Id., n.1 (citations omitted). The court's inquiry in assessing the sufficiency of the complaint under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (citation omitted).  To survive a motion to dismiss under this standard, a plaintiff must nudge his claims across the line from conceivable to plausible.  Id.

[3]     By statute, the only proper federal defendant in a Title VII action is the head of the agency.  42 U.S.C. § 2000e-16(c).  Therefore, the correct defendant on this claim is John E. Potter, United States Postmaster General.

employee must first proceed before the agency, here the Postal Service, that has been accused of discrimination before the employee may bring a civil action in federal court. 42 U.S.C. § 2000e-16(c). Defendants argue that plaintiff failed to timely pursue the Title VII claims she attempts to bring in this lawsuit. Under 29 C.F.R. § 1614.407, a plaintiff has 90 days after receipt of a Final Agency Decision on an Equal Employment Opportunity ("EEO") complaint to file a case in federal court based on the claims addressed by the Final Agency Decision.

Defendants have identified two formal complaints plaintiff filed with the Postal Service prior to filing this action: (1) Agency Case Number 1G-731-0026-07 ("First Complaint"); and (2) Agency Case Number 1G-731-0016-08 ("Second Complaint").

On November 2, 2009, the Postal Service issued its Final Agency Decision on the First Complaint [Exhibit 1 to Defendant's Motion to Dismiss, Doc. No. 31-1]. The "Statement of Claim" section of Exhibit 1 describes the First Complaint as an allegation of discrimination "based on Race (Syrian), National Origin (Middle Eastern, Syrian), Sex (female), Age (DOB 11/15/58), and Retaliation (prior EEO activity). . .". The Final Agency Decision provides four subparagraphs further identifying the alleged discrimination as follows:

> 1. [B]eginning September 2006 the complainant had been harassed regarding breaks and work performance; talked to in a demeaning manner; issued letters of warning on September 6 & 19, 2007; and issued a 7-day suspension on December 3, 2007; and discrimination based upon

> Retaliation (for EEO activity), in that she continued to be harassed when:
> 2. from on or about December 3, 2007, the complainant was subjected to harassment including but not limited to verbal abuse from the Supervisor, work assignment and false accusations;
> 3. on February 12, 2008 she was placed in an unpaid leave status and removed from her job; and
> 4. after being placed off duty she was required to undergo a Psychiatric Fitness for Duty medical evaluation; after the evaluation on March 3, 2008 she has not heard from anyone, and as of March 12, 2008 the complainant was still off work with no pay.

Exhibit 1, Doc. No. 31-1, pp. 1-2.

On September 9, 2010, the Postal Service issued its Final Agency Decision on the Second Complaint. This Final Agency Decision is attached as Exhibit 2 to Defendants' Motion to Dismiss [Doc. No. 31-2]. The "Statement of Claim" section of Exhibit 2 describes the Second Complaint as an allegation of discrimination "based on Race (Syrian), National Origin (Arab/Middle Eastern), Sex (Female), Age (DOB 11/16/1968)[4], and Retaliation (Prior EEO Activity) when, on or about April 29, 2008, her request to be moved to another tour was denied." Exhibit 2, Doc. No. 31-2, p. 1.

With respect to the Final Agency Decisions issued in both the First Complaint and the Second Complaint, and pursuant to 29 C.F.R. § 1614.110 ("Final action by agencies"), each Final Agency Decision concludes with a section outlining the complainant's appeal rights. After stating information relating to

---

[4] The discrepancy in the birthdates for plaintiff contained in Exhibits 1 and 2 is noted but need not be resolved.

appeals to the EEOC, each Final Agency Decision provides a section entitled "**RIGHT TO FILE A CIVIL ACTION**" which states:

> Alternatively, if the complainant is dissatisfied with the Postal Service's decision in this case, the complainant may file a civil action in an appropriate U.S. District Court within 90 calendar days of receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered.  If the complainant chooses to file a civil action, that action should be styled **Shannon D. Assid v. John E. Potter, Postmaster General**.[5]  The complainant may also request the court to appoint an attorney for the complainant and to authorize the commencement of that action without the payment of fees, costs, or security.  Whether these requests are granted or denied is within the sole discretion of the District Judge.  The application must be filed within the same 90-day time period for filing the civil action.

Doc. No. 31-1, pp. 22-23; Doc. No. 31-2, pp. 15-16, emphasis in originals.  Each Final Agency Decision includes as an enclosure EEOC Appeal Form 573 as required by 29 C.F.R. § 1614.110.

On October 12, 2010, plaintiff filed this case.  Complaint, Doc. No. 1. Recognizing that administrative exhaustion is a jurisdictional prerequisite to filing suit, and given the 90 day time limit within which a federal lawsuit must be filed, it is clear that only the claims included in plaintiff's Second Claim could be considered as timely filed in this forum within the 90 day window.  However, as noted by defendants, the allegations of the Complaint are completely different

---

[5]  The Final Agency Decision on plaintiff's Second Claim states that the proper plaintiff in any civil action should be "Shannon Assid," but is otherwise identical to the quoted language. Doc. 31-2, p. 16.

than the allegations contained in the Second Claim.

As set forth above, plaintiff's Second Claim concerned alleged discrimination occurring on or about April 29, 2008 when her request to be moved to another tour was denied. In contrast, the allegations of plaintiff's Complaint do not arise out of the request to be moved to another tour on or about April 29, 2008, and are instead based on a series of factual allegations including the creation and maintenance of a hostile work environment (sexual and general), lewd comments, behavior and unwanted sexual conduct and continued harassment, assault and battery, and conspiracy occurring "over the entire period of her employment the last several years." *See generally* "Factual Allegations" of Complaint, Doc. No. 1, ¶¶ 10-18.

Plaintiff's Complaint fails to allege that plaintiff has properly exhausted her administrative remedies on the Title VII claims alleged in the Complaint. The first step to exhaustion is the filing of a charge of discrimination with the EEOC. Jones v. United Parcel Service, Inc., 502 F. 3d 1176, 1183 (10th Cir. 2007). The next step in determining whether a plaintiff has exhausted her administrative remedies is to determine the scope of the allegations raised in the EEOC charge because a plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow from the charge of discrimination submitted to the EEOC. Id. at 1186 (citations omitted). In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional

prerequisite to filing a Title VII action. Pretlow v. Garrison, 420 Fed. Appx. 798, 802 (10th Cir. 2011)(unpublished opinion). A jurisdictional dismissal for lack of exhaustion is to be made without prejudice. Id. at 802, n. 4.

Upon review, the court finds that plaintiff cannot proceed in federal court on her Title VII claims because they were not pursued in a timely fashion. Given the timing of the filing of the Complaint, only the claims of discrimination that formed the basis of plaintiff's Second Claim can be considered as having been timely brought before the court in this lawsuit. However, because the Second Claim's allegations are not the ones actually alleged in the Complaint, it is clear that plaintiff's claims under Title VII as alleged in the Complaint are untimely and, absent a finding of equitable tolling, must be dismissed.

Without specifically invoking the concept of equitable tolling, plaintiff argues that this case was timely filed because she "could not appeal the EEOC case until all outstanding issues were administratively adjudicated (hence the "Corrected Order" of 2010)." Plaintiff's Surreply, Doc. No. 38, p. 10. The "Corrected Order of Dismissal" referred to by plaintiff is attached as Exhibit 3 to Defendant's Reply, Doc. No. 35-3. The court has properly reviewed this document.

In rejecting plaintiff's argument that the Corrected Order of Dismissal operates to render her present lawsuit timely, the court notes that it is not a "final agency decision" triggering the right to file a civil action. The Corrected Order of Dismissal does not consist of findings by the agency on the merits, does not

contain notice of the right to appeal or the right to file a civil action in federal district court, does not name the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits, and does not have a copy of EEOC Form 573 attached, all requirements mandated by 29 C.F.R. § 1614.110 regarding "Final action by agencies."

As set forth in 29 C.F.R. § 1614.407, receipt of the final action by the agency on an individual complaint starts the running of the 90 day time period for filing a civil action in federal court. The Final Agency Decisions issued to plaintiff (the First Claim and Second Claim) unequivocally identified the date of the final agency decision on plaintiff's respective complaints of discrimination. To allow plaintiff to utilize the receipt of a Corrected Order of Dismissal to extend the time period for filing a civil action would be contrary to the provisions of § 1614.407 and would effectively render them meaningless. As argued by defendant, if plaintiff intended to appeal the matters raised in the First Claim, she had a statutory obligation to do so within 90 days. Having failed that, her attempt to resurrect these claims in the present lawsuit is untimely.

Generally, equitable tolling is warranted only if the circumstances of the case "rise to the level of active deception which might invoke the powers of equity to toll the limitations period." Cottrell v. Newspaper Agency Corp., 590 F. 2d 836, 838-39 (10th Cir. 1979). Equitable tolling may be appropriate where the defendant has actively misled the plaintiff respecting the cause of action, or

where the plaintiff has in some extraordinary way been prevented from asserting his rights. Carlile v. South Routt School Dist. RE 3-J, 652 F. 2d 981, 985 (10th Cir. 1981) (citation omitted). Under the circumstances, plaintiff has failed to demonstrate that equitable tolling would be justified in this case. Therefore, plaintiff's Title VII claim must be dismissed.

Defendant next argues that to the extent any of plaintiff's employment related claims arise from facts distinct from those underlying her Title VII claims, they are preempted by the Postal Reorganization Act ("PRA"). Relying on Kaiser v. U.S. Postal Service, 908 F.2d 47, 49 (6th Cir. 1990) and Roman v. U.S. Postal Service, 821 F.2d 382, 386-87 (7th Cir. 1987) for the proposition that a plaintiff must first exhaust the PRA's grievance procedures before bringing a suit in federal court, defendant asserts that plaintiff has not demonstrated such exhaustion and therefore any claims arising under the PRA must also be dismissed for lack of subject matter jurisdiction.

Plaintiff has not attempted to argue that exhaustion is not a prerequisite to any claim that may arise under the PRA. Although the Complaint alleges that "the employee handbook and policies and procedures for USPS personnel represents a contractual obligation for USPS to provide employees due process and procedural rights regarding protected activity (such as EEOC and reporting abuse and harassment)", see Complaint, Doc. No. 1, ¶ 44, plaintiff does not allege compliance with Postal Service grievance procedures and has failed to

allege exhaustion of administrative remedies.

Plaintiff also has not called into question defendant's statement that her employment with the Postal Service was governed by collective bargaining agreements between bargaining units and the Postal Service. Doc. No. 31, p. 8. To the extent plaintiff alleges a violation of a collective bargaining agreement, this allegation would be subject to the contract's grievance procedures. An individual employee ordinarily may not sue his employer for a breach of the collective bargaining agreement until he has attempted to exhaust any grievance or arbitration remedies provided in the agreement. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 163 (1983). However, the court's review of the Complaint does not reveal any allegations of exhaustion of these procedures. Thus, the court agrees that any claims arising under the PRA must be dismissed for lack of subject matter jurisdiction over any such claims.

Defendant's next basis for dismissal is plaintiff's failure to exhaust her remedies under the Federal Tort Claims Act ("FTCA"). Plaintiff's tort claims against the United States arise under the FTCA, "which provides the exclusive avenue to assert a claim sounding in tort against the United States[,]" whether the plaintiff acknowledges or not. In re Franklin Savings Corp., 385 F. 3d 1279, 1286 (10th Cir. 2004); 28 U.S.C.A. § 2679(a). When federal employees are sued in tort for actions taken within the scope of their employment, the FTCA affords the employees absolute immunity and requires the plaintiff to proceed against the

11

United States, whose sovereign immunity is waived in certain limited respects for this purpose. Pretlow, 420 Fed. Appx. at 802, citing Salmon v. Schwarz, 948 F.2d 1131, 1141-42 (10th Cir. 1991). As a jurisdictional prerequisite, the FTCA requires that administrative remedies be exhausted before a plaintiff may bring suit in federal court. Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999); 28 U.S.C. § 2675(a).

Plaintiff's Complaint is devoid of any allegations showing that plaintiff satisfied the legal prerequisite of filing an administrative claim for the torts alleged against her employer the Postal Service. 28 U.S.C. § 2675. Because plaintiff failed to administratively exhaust her tort claims against the United States, the court lacks jurisdiction over these claims and they should be dismissed. In the absence of federal court jurisdiction, the court declines to exercise supplemental jurisdiction over any of plaintiff's state law-based tort claims that appear to be directed at individually named defendants who are alleged to have been acting outside the scope of their federal employment.

Turning to other potential claims, in her Surreply, Doc. No. 38, p. 3, n. 3, plaintiff states that she "agreed to dismiss any Section 1983 arguments without the need for Defendants to include such request in their Motion to Dismiss, and substituting Section 1981 in an amended complaint." However, any attempt to substitute a § 1981 claim for plaintiff's rightfully abandoned § 1983 claim would be futile. As noted by the Tenth Circuit, the Supreme Court has clearly stated

that a federal employee's only avenue for judicial relief from federal employment discrimination is through Title VII. <u>Belhomme v. Widnall</u>, 127 F.3d 1214, 1217 (10th Cir. 1997), citing <u>Brown v. General Servs. Admin.</u>, 425 U.S. 820, 828-829, 835 (1976).

The court finds the following statement of the Tenth Circuit in the <u>Pretlow</u> case, 420 Fed. Appx. at 801, instructive in this case regarding the preemptive and exclusive nature of Title VII for federal employees alleging employment discrimination:

> Because [plaintiff] was a federal employee, his claims implicate three distinct lines of federal preemption/remedial exclusivity. Insofar as he complains of discrimination and associated retaliatory conduct, his exclusive remedy is provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, as the district court recognized. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed. 2d 402 (1976). This precludes claims asserted under the civil rights statutes, *see Ford v. West*, 222 F.3d 767, 772-73 (10th Cir. 2000); directly under the Constitution, *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997); and under state anti-discrimination law, *Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998); *Schroder v. Runyon*, 1 F. Supp. 2d 1272, 1279 (D. Kan. 1998), *aff'd*, 161 F. 3d 18, ---- (10th Cir. 1998) (unpub.)

Plaintiff's Complaint also vainly alleges that jurisdiction is "conferred" by 28 U.S.C. § 1331. Complaint, Doc. No. 1, ¶ 4. However, because general jurisdictional statutes, such as 28 U.S.C. § 1331, do not waive the government's sovereign immunity, a party seeking to assert a claim against the government under such a statute must point to a specific waiver of immunity in order to

establish jurisdiction.  <u>Normandy Apartments Ltd. v. United States Dep't of Housing and Urban Development</u>, 554 F.3d 1290, 1295 (10th Cir. 2009).

For the reasons more fully set forth above, the claims alleged by plaintiff in her Complaint are barred from proceeding in federal court.  As the deficiencies in the Complaint are not curable by amendment or would be futile, plaintiff's request for leave to amend the Complaint is denied.

Accordingly, Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) **[Doc. No. 31]** should be and is hereby **GRANTED.**  The Complaint is **dismissed without prejudice for lack of subject matter jurisdiction.**  In the absence of federal jurisdiction, the court declines to exercise supplemental jurisdiction over any remaining state law claims against the individual defendants in their individual capacities, and these claims are also hereby **dismissed.** This action is **DISMISSED.**

It is so ordered this 19th day of March, 2012.

_Tim Leonard_
TIM LEONARD
United States District Judge